OPINION
Petitioner-appellant Heidi Thomas, now known as Marlow, appeals from an order modifying a shared parenting plan. She contends that the trial court failed to follow the requirements of R.C. 3109.04(E)(1), that the trial court erred in failing to consider all of the factors specified in R.C. 3109.04(F)(1) and (2), that the trial court erred in adopting a modified shared parenting plan that did not meet the requirements of an original shared parenting plan, and that the modification of the shared parenting plan is against the manifest weight of the evidence. Based upon our review of the record, we conclude that the trial court's order modifying the shared parenting plan is not against the manifest weight of the evidence and that it meets the requirements of a shared parenting plan. Furthermore, we conclude that there is nothing in the record to suggest that the trial court failed to consider the factors specified in R.C.3109.04(F)(1) and (2), and that the modification of the shared parenting plan is authorized pursuant to R.C. 3109.04(E)(2). Accordingly, the judgment of the trial court is Affirmed.
 I
The parties dissolved their marriage by a decree of dissolution in 1993. The decree incorporated a shared parenting plan. At this time, the two minor children, Cameron and Derek, were one and three years old, respectively. Pursuant to the terms of the shared parenting plan, the children were to reside with Marlow on Mondays and Wednesday, with Thomas on Tuesday and Thursdays, and with each parent on alternate weekends. Thus, the boys changed their residence every day during the first four days of each week, with four changes of residence every week. Their residence changed on Tuesday, Wednesday and Thursday, and it also changed one more time, either on Monday, or on Friday, depending upon which parent had them for the weekend.
By all accounts, the plan worked smoothly until the boys began school. Even after the boys entered school, the plan worked more smoothly than might be expected, because both parents were admirable in communicating almost on a daily basis concerning the welfare and scheduling of the children.
In July, 1997, Thomas filed a motion to terminate the shared parenting plan. A hearing was held on the motion in March and April of 1998. Marlow opposed the motion. A guardian ad litem, A. Robert Hutchins, participated in the hearing on behalf of the children.
Following the hearing, the trial court declined to terminate the shared parenting plan, but substantially modified it. The trial court, finding that a change in circumstances had caused a lack of stability in the living arrangements of the minor children at the ages they had attained, ordered that the children reside with each parent in alternate years, beginning with Thomas on August 15, 1998, continuing with Marlow on August 15, 1999, and alternating annually thereafter. The trial court ordered that the non-residential parent have visitation as the parties might agree, or, if they could not agree, in accordance with the court's standard order of visitation. From the order modifying the shared parenting plan, Marlow appeals.
Thomas has brought to the attention of this court that, subsequently to the order of the trial court from which this appeal has been taken, the parties have been sharing the duties of a residential parent on a different basis, apparently alternating as residential parent more frequently than annually, but less frequently than daily. Thomas contends that this arrangement has been working well, and has asked that this court modify the shared parenting plan accordingly. Because the trial court has the initial responsibility for considering the best interests of the children, we decline to modify the plan adopted by the trial court. We did invite the parties to seek an order remanding this cause to the trial court in order that it might consider adopting as its new order the present arrangement between the parties, but this was not acceptable to Marlow, who preferred to have her appeal be adjudicated in due course.
 II
Marlow's First Assignment of Error is as follows:
 THE TRIAL COURT ERRED IN MODIFYING THE SHARED PARENTING PLAN OF THE PARTIES BY FAILING TO FOLLOW THE REQUIREMENTS OF REVISED CODE SECTION 3109.04(E)(1).
Although Thomas moved the court for an order terminating the shared parenting plan, that is not what the court did. The trial court modified the shared parenting plan, concluding that it was in the best interest of the children to do so. A trial court is given express authority, on its own motion, to modify a shared parenting plan at any time if it determines that modification is in the best interests of the children. R.C. 3109.04(E)(2)(b). Because the trial court had the authority to modify the shared parenting plan on its own motion, it had the authority to do so following the hearing on Thomas's motion to terminate the shared parenting plan, concluding, as it evidently did, that a termination of the shared parenting plan was not warranted.
In this assignment of error, Marlow complains that the trial court's explanation of the reasons for its order is somewhat conclusory. We agree. However, we have reviewed the entire transcript, and we are satisfied that there is evidence in the record to support the trial court's decision. Marlow made no request for findings of fact and conclusions of law. Accordingly, we conclude that the trial court's failure to provide a more particular explanation of its reasons for its decision is not reversible error.
Marlow's First Assignment of Error is overruled.
 III
Marlow's Second Assignment of Error is as follows:
 THE TRIAL COURT ERRED IN FAILING TO CONSIDER ALL THE FACTORS REQUIRED TO DETERMINE THE BEST INTERESTS OF THE MINOR CHILDREN, BEFORE ORDERING ANY MODIFICATIONS TO THE SHARED PARENTING PLAN OF THE PARTIES.
Essentially, Marlow argues that because the trial court did not recite the factors that it was required to consider, pursuant to R.C. 3109.04(F)(1), in determining the best interests of the children in connection with the modification of a decree allocating parental rights and responsibilities, it must be presumed that the trial court did not consider those factors. To the contrary, a general principle of appellate review is the presumption of regularity; that is, a trial court is presumed to have followed the law unless the contrary is made to appear in the record. In the case cited by Marlow, Goetze v. Goetze (March 27, 1998), Montgomery App. No. 16491, unreported, that presumption was overcome, because it was shown, affirmatively in the record, that the trial court had applied an incorrect legal standard in arriving at its decision to deny a motion to change custody.
Nothing in the record before us suggests that the trial court failed to consider the factors prescribed in R.C. 3109.04(F)(1). Indeed, much of the testimony concerned these factors.
Marlow's Second Assignment of Error is overruled.
 IV
Marlow's Third Assignment of Assignment of Error is as follows:
 THE TRIAL COURT ERRED IN ORDERING MODIFICATIONS TO THE SHARED PARENTING PLAN OF THE PARTES WHICH DID NOT MEET THE REQUIREMENTS OF AN ORIGINAL SHARED PARENTING PLAN, AND, INSTEAD, PROVIDED AUTOMATIC YEARLY CHANGES OF THE SOLE RESIDENTIAL PARENT, WITH VISITATION.
In this assignment of error, Marlow argues that the annual change of the residential parent ordered by the trial court in its modification fails to comply with the requirement of R.C.3109.04(D)(1)(c) that:
 Whenever possible, the court shall require that a shared parenting plan approved under . . . this section ensure the opportunity for both parents to have frequent and continuing contact with the child, unless frequent and continuing contact with any parent would not be in the best interests of the child.
Although there was conflicting testimony in this regard, there was evidence in the record to suggest that the daily changes in residence were having an adverse impact on the best interests of the children, particularly Derek, the older child, who had been prescribed medication for a possible attention deficit disorder. There was testimony that the daily changes in routine made it impossible to establish definite routines, to the detriment of the children's school work.
Admittedly, the trial court's decision to replace daily changes of residence with annual changes of residence was somewhat draconian. However, we do not consider it to have constituted an abuse of discretion. Although the parents communicate admirably considering their children, there was some "finger-pointing" in the testimony in connection with lapses concerning medication, school books, and the like. The trial court may reasonably have concluded that alternating annual terms as residential parents would enhance each parent's understanding, acknowledgment and assumption of the responsibilities of being the residential parent.
Because the parents lived only 12 miles apart, and alternating weekend visitation would continue, the trial court could reasonably conclude that both parents would continue to enjoy the opportunity to have frequent and continuing contact with their children.
In support of this assignment of error, Marlow relies uponHerstine v. Herstine (February 9, 1994), Montgomery App. No. 13873, unreported, for the proposition that an annually alternating sole custody order does not meet the requirements for a shared parenting plan. We do not understand that case to support that proposition. In that case, as we understand it, an agreed order of the trial court provided that the father would be designated the residential parent for one year, and that at the end of the year, the mother would then become the residential parent. There was no provision for subsequent annual alternation of the residential parent. As we understand the decision, this court had to decide whether the provision for a one-time change of residential parent from father to mother was expressly subject to the further order of the court, or was an automatic change not subject to the further order of the court. This court decided that by the decree's express terms, the change was subject to the further order of the trial court, which permitted the trial court to determine, as it did, that it would not be in the best interests of the children for the scheduled change to take place, without requiring evidence of changed circumstances. We find nothing in Herstine, supra, that would preclude an annually alternating residential parent status as part of a shared parenting arrangement.
Marlow's Third Assignment of Error is overruled.
 V
Marlow's Fourth Assignment of Error is as follows:
 THE TRIAL COURT'S ORDER GRANTING MODIFICATIONS TO THE SHARED PARENTING PLAN OF THE PARTIES WAS AGAINST THE MANIFEST WEIGHT OF THE EVIDENCE.
We have reviewed the entire transcript of the hearing. Although the evidence on this subject was conflicting, there is testimony in the record that the children began experiencing problems with the daily alternation of their residence once they were enrolled in school. This included testimony from Jo Martin, Derek's first grade teacher, who testified that Derek often would not have his assignments or books, and was confused about whose house he was going to that night. Thomas's mother, Isabelle Thomas, who had been a grade school teacher from 1967 to 1991, testified that the constant routine of going back and forth between parents was tiring Cameron and Derek in school. Thomas, himself, testified that the shared parenting plan stopped working well once the children were enrolled in school. Stephen Switchgable, Derek's second grade teacher, testified that the constant back and forth between houses was not good for someone who, like Derek, has management difficulties.
Although the evidence in the record is conflicting, we conclude that there is evidence in the record to support the trial court's conclusion that the daily change in residential parent stopped being in the best interest of the children once they entered school. Accordingly, Marlow's Fourth Assignment of Error is overruled.
 VI
All of Marlow's assignments of error having been overruled, the judgment of the trial court is Affirmed.
We have previously noted that it has come to our attention that the parties, subsequently to the order from which this appeal is taken, have come to a different arrangement concerning the allocation of parental rights and responsibilities, which may be working well. We hope that our disposition of this appeal will not preclude the parties from continuing to cooperate, as they have, in the best interests of their children. They are certainly free to move the trial court for an order incorporating any parenting arrangements that they have made.
BROGAN, J. concurs.
KERNS, J, concurs in judgment only.
(Honorable Joseph D. Kerns, Retired from the Court of Appeals, Second Appellate District, Sitting by Assignment of the Chief Justice of the Supreme Court of Ohio).
Copies mailed to:
William D. West
Jerry A. Meadows
Hon. Joseph N. Monnin